## GLADYS SHELTON v. CLARENCE C. ROBERTS.

### (Filed 18 May, 1960.)

APPEAL by defendant from *Sink, E. J.,* November, 1959 Term, ROCKINGHAM Superior Court.

Civil action for personal injury and property damage resulting from an automobile collision at the intersection of Fieldcrest Avenue (north and south) and Virginia Avenue (east and west) in the town of Draper. The accident occurred about 2:00 A.M. on the morning of November 2, 1958. Rain was falling. The signal lights controlling traffic at the intersection had been turned off at 12:30. The plaintiff, as she approached the intersection from the south, was driving about 30 miles per hour and slowed down for the intersection. The evidence disclosed she was almost through the intersection when she was hit by a vehicle just entering from the east. This vehicle was owned by the defendant and was driven by his son as a family purpose car. At the scene, she said to Mr. Roberts, the driver: "Lord have mercy, what's happened? I thought I was in the right." He said, "No doubt about it, lady, it was all my fault."

The investigating officer testified: "I found debris practically in line with the north margin of Virginia Avenue. The debris and glass was practically all the way through the intersection. . . . Mr. Roberts said something about he should have stopped."

The defendant testified he was traveling about 25 miles per hour entering the intersection. "I saw the Shelton car just a second before I hit it. . . . I was convicted of speeding and reckless driving, but I don't recall whether I pleaded guilty or not. I do not recall whether I made any statement to the parties at the scene and I do not recall whether I made such a statement in the presence of Mr. Gibson," (the investigating officer).

The court submitted issues of negligence, contributory negligence, and damages on the plaintiff's cause of action, and negligence and damages on the defendant's counterclaim, all of which were raised by the pleadings. The jury answered the plaintiff's issues in her favor, awarding damages for personal injury in the amount of $500, and property damage in the amount of $1,000. The issues on the counterclaim were not answered. From the judgment on the verdict, the defendant appealed.

*Thomas S. Harrington for defendant, appellant.*

*Price & Osborne, By: J. Hampton Price, William A. Powell, Jr., for plaintiff, appellee.*

PER CURIAM. The plaintiff's evidence makes out a case of negligence. The defendant's evidence does not make out a defense. The physical facts and the plaintiff's testimony disclose that the collision occurred when the plaintiff's vehicle was almost completely through, and the defendant's was barely entering the intersection. According to the defendant, "I saw the Shelton car a second before I hit it. I made a swerve to the right when she shot across there. I was over to her right." He admitted his conviction for speeding and reckless driving. The evidence was brief and easily understood. The charge was nontechnical but presented the issues in such focus as left little likelihood that the charge could have been misunderstood. No reason is made to appear why the result should be disturbed.

No error.